IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-300-BO

| | |
|---|---|
| RACHEL S. ROEBUCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on May 12, 2015, at Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act and for supplemental security income (SSI) pursuant to Title XVI of the Act. Plaintiff protectively filed for DIB and SSI alleging disability since November 28, 2010. After initial denials, a hearing via videoconference was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on March 24, 2014. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's bipolar disorder and generalized anxiety disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ then concluded that plaintiff could perform the full range of work at all exertional levels but with several nonexertional limitations. The ALJ found that plaintiff could perform her past relevant work as a marker, but also found that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

3

Plaintiff first seeks remand of this matter so that the ALJ might consider new medical records which were submitted to the Appeals Counsel. The record before the ALJ did not include voluminous medical records from plaintiff's treatment at Carolina Community Mental Health, and the ALJ relied on this absence of documentation in awarding plaintiff's treatment provider only some weight and in determining that there was insufficient evidence of plaintiff's impairments to support a finding of disability for a continuous twelve-month period. Tr. 68. The ALJ proceeded to rely on other evidence in the record which he found to be contradictory to plaintiff's treatment provider's opinions. *See e.g. id.* (conclusions of treatment provider not consistent with plaintiff's activities of daily living and opinions of non-treating sources). Because the "evidentiary gap played a role in [the ALJ's] decision", and some of this evidence conflicts with evidence credited by the ALJ, a remand for further fact finding is appropriate. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 22] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REMANDED to the Acting Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this _26_ day of May, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE